ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, May 17, 2022 11:50:58 AM
CASE NUMBER: 2022 CV 02246 Docket ID: 36318448
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| DAVID HOWARD ) | |
| 5115 SPORTSCRAFT DRIVE ) | CASE NO: |
| DAYTON, OHIO 45414 ) | |
| ) | JUDGE: |
| PLAINTIFF, ) | |
| ) | COMPLAINT |
| V. ) | |
| ) | |
| THE HOME DEPOT ) | |
| 5200 SALEM AVENUE ) | |
| DAYTON, OHIO 45426 ) | (Jury Demand Endorsed Hereon) |
| ) | |
| and ) | |
| ) | |
| THE HOME DEPOT HEADQUARTERS ) | |
| 2455 PACES FERRY ROAD SE ) | |
| ATLANTA, GEORGIA 30339 ) | |
| ) | |
| DEFENDANTS ) | |

Now comes the Plaintiff David Howard and for this claim against the Defendant The Home Depot. and Defendant The Home Depot Headquarters and states and alleges the following.

**PARTIES**

1. David Howard (herein after referred to as "Plaintiff Howard.") is an individual residing at 5115 Sportscraft Drive, Dayton, Ohio 45414.

2. Defendant The Home Depot and The Home Depot Headquarters, inclusive, were the owners of the property located at 5200 Salem Avenue, Dayton, Ohio 45426, on the date mentioned herein.

**EXHIBIT A**

**FACTS COMMON TO ALL COUNTS**

3. On or about May 19, 2020, Plaintiff Howard was a patron at the Defendant The Home Depot listed at the address above.

4. Plaintiff Howard slipped on a strap that was not removed properly, while lifting his items from the ground.

**COUNT I**

5. Plaintiff reavers and realleges each and every allegation contained in the preceding paragraphs.

6. Said The Home Depot and The Home Depot Headquarters (hereinafter referred to as Defendants) had control of and/or were in charge of the premises of the Home Depot store located at 5200 Salem Avenue, Dayton, Ohio 45426, including, but not limited to, the area of the store in which Plaintiff was shopping, and the dangerous skid, strap and other hazardous defects which caused Plaintiff's injury.   Further, Defendants' agents, employees and/or representatives, who were acting within the course and scope of their employment with Defendants, were acting under an agreement, arrangement and/or relationship known only by them at this time.

7. Plaintiff Howard states that the Defendants were actively negligent in the maintenance, care, and/or control of the aforementioned area by creating and allowing a hazard which caused Plaintiff Howard to fall and suffer severe and permanent injuries, along with other injuries. Defendants also failed to warn invitees and the general public of the aforesaid dangerous condition.

8. Plaintiff Howard further states that Defendants were negligent and/or created and/or maintained a nuisance and/or hazard by allowing a dangerous condition to exist with total

disregard to invitees and the general public lawfully using the aforesaid property, and particularly to Plaintiff Howard who had a right to expect Defendants to exercise reasonable care in their maintenance and/or control of the aforesaid premises.

9. Plaintiff further states Defendants were actively negligent in creating and/or maintaining a nuisance including the aforementioned area which is frequently used by the public.

10. As a direct and proximate result of the negligence of the Defendants in their maintenance, care and/or control of the aforementioned area and/or in creating and/or maintaining a nuisance, Plaintiff Howard was caused to suffer severe and permanent injuries, suffered great pain of body and mind, a loss of enjoyment of life, suffered mental anguish, required medical care and treatment in the past, and will continue to suffer said losses in the future all to his expense and obligation.

## COUNT II

11. Plaintiff reavers and realleges each and every allegation contained in the preceding paragraphs.

12. At the aforementioned date, Defendants had knowledge of the dangerous process, procedure, instrumentality, or condition within its business operation; in this case, Defendants knowingly placed Plaintiff Howard in an unsafe environment.

13. Defendants were negligent, engaged in wanton, reckless and willful conduct and acted in conscious disregard for the rights and safety of other persons that had a great probability of substantial harm. Defendants' actions included, but were not limited to, the following particulars.

14. Defendants failed to inspect and maintain a clear area around products which

created an unreasonable risk of danger to Plaintiff Howard and others, which the Plaintiff and others would not otherwise encounter, and would not expect to encounter.

15. Defendants knew or should have known that the subject skid, straps, and other hazards were not maintained to be safe as required by Ohio law.

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in an amount which exceeds Twenty-Five Thousand Dollars ($25,000.00), together with interest, the costs of this action, and all other relief to which they are entitled.

Respectfully submitted,

  /s/ Kimberly C. Young
KIMBERLY C. YOUNG (0085794)
ELK & ELK CO., LTD.
6105 Parkland Boulevard, Suite 200
Mayfield Hts., Ohio 44124
Phone:   (440)442-6677
Facsimile: (440) 442-7944
E-mail: kyoung@elkandelk.com

JURY DEMAND

Plaintiff hereby demands a jury for all triable issues.

  /s/ Kimberly C. Young
KIMBERLY C. YOUNG (0085784)